Matter of Gainsburg (2024 NY Slip Op 04962)

Matter of Gainsburg

2024 NY Slip Op 04962

Decided on October 9, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JOSEPH J. MALTESE, JJ.

2023-08613

[*1]In the Matter of Barry Robert Gainsburg, an attorney and counselor-at-law. (Attorney Reg. No. 2612463)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 22, 1994. By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by an order of the Supreme Court of Florida dated January 18, 2018.

Catherine A. Sheridan, Hauppauge, NY (Christopher R. Shannon of counsel), for Grievance Committee for the Tenth Judicial District.
Barry Robert Gainsburg, Hanover Parish, Jamaica, respondent pro se.

PER CURIAM.

OPINION & ORDER
By an order of the Supreme Court of Florida dated January 18, 2018, the respondent was suspended from the practice of law for a period of 90 days, placed on probation for a period of three years, and judgment was entered against the respondent in the sum of $2,756.62 for the recovery of costs.
Florida Disciplinary Proceeding 
On July 28, 2017, the Florida Bar filed a complaint against the respondent which alleged, inter alia, that the respondent acted contrary to honesty and justice; brought frivolous proceedings; made misrepresentations to a tribunal; disobeyed a court order; threatened disciplinary charges; and communicated with a person represented by counsel. By Conditional Guilty Plea for Consent Judgment dated November 16, 2017, the respondent admitted to the following facts:
"The conduct referenced in each of the files results from Respondent's personal behavior either in e-mails, Court filings, Court documents, texts, internet postings or telephone calls. The communications are replete with threats to file lawsuits and Bar grievances, personal insults, and compulsive actions such as multiple texts in a short period of time.
"The common thread throughout all disciplinary files was Respondent's belief that he was being wronged by an employer, a corporation, the Court, and The Florida Bar. Respondent expressed this position in an irrational manner by attempting to use the Court system to 'punish' those he felt had wronged him.
"Respondent filed multiple frivolous law suits in multiple jurisdictions against his former employer and its attorneys, claiming [*2]falsely and for monetary gain, that he was an employee of the company and seeking frivolous relief from the trial court, prompting the trial court to issue sanctions against Respondent. Respondent further used the legal system to divulge certain confidential client information regarding his former client corporation and proceeded to send the civil complaint to the media in the former client's respective market. After filing suit, Respondent engaged in unethical litigation tactics including filing excessive notices of depositions and motions to disqualify judges and copying the Judicial Qualifications Commission after receiving unfavorable rulings, communicating directly with former client knowing client was represented by counsel, sending threats to report opposing counsels to the Bar, purchasing former client's corporate shares to influence the litigation, and failing to adhere to the trial court's directives to abstain from posting information concerning the litigation or individuals involved in the litigation on social media. Respondent attempted unsuccessfully and unethically to discharge the sanctions in bankruptcy by incorporating the name of the client corporation in an attempt to block the corporation from setting forth defenses."
The Florida Bar alleged that by the aforementioned conduct, the respondent violated the following Rules Regulating the Florida Bar: 3-4.3 (acting contrary to honesty and justice); 4-1.6(a) (revealing confidential information); 4-1.8(b) (using confidential information to the detriment of a client); 4-1.9(b) (using confidential information to the disadvantage of a former client) and (c) (revealing confidential information of a former client); 4-3.1 (frivolous proceedings); 4-3.3(a)(1) (misrepresentations to a tribunal); 4-3.4(c) (disobeying a Court order), (d) (frivolous discovery requests), and (h) (threatening disciplinary charges); 4-4.2(a) (communication with a person represented by counsel); 4-4.4(a) (embarrass, delay, or burden a third person); and 4-8.4(a) (violating the Rules of Professional Conduct) and (d) (engaging in conduct that is prejudicial to the administration of justice).
The conditional plea agreement was assigned to the Honorable Theodore Booras, as Special Referee, who recommended that the respondent be found guilty of violating the above cited Rules Regulating the Florida Bar. The report of the Special Referee further recommended that the respondent be suspended from the practice of law for a period of 90 days with three years of probation. The conditions of probation include compliance with a three-year clinical contract recommended by Florida Lawyers Assistance, and writing heartfelt letters of apology to 10 persons who were aggrieved by the respondent's conduct. The Special Referee also recommended that costs incurred by the Florida Bar in the sum of $2,756.62 be charged to the respondent and that interest at the statutory rate shall accrue. Should the costs judgment not be satisfied within 30 days of said judgment becoming final, the respondent shall be deemed delinquent and ineligible to practice law. By order dated, January 18, 2018, the uncontested report of the Special Referee was approved by the Supreme Court of Florida in its entirety. The respondent did not timely notify this Court nor the Grievance Committee of his suspension, as required by 22 NYCRR 1240.13(d).
New York Proceeding 
By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why reciprocal discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of Florida dated January 18, 2018.
In response to this Court's order to show cause, the respondent submits an affidavit indicating, inter alia, that he has completed all the conditions of his probation in Florida. The respondent further asserts that he did, in fact, notify this Court and the Grievance Committee of his Florida discipline, as evidenced by an unsigned letter from the respondent dated January 22, 2018, addressed to the New York Office of Court Administration (hereinafter OCA).
In response, the Grievance Committee notes that the respondent has not asserted any of the defenses to the imposition of discipline enumerated in 22 NYCRR 1240.13(b) and avers, inter alia, that the letter addressed to OCA did not comply with the respondent's duty to inform this Court or the Grievance Committee within 30 days of his suspension.
Findings and Conclusion 
The respondent does not assert any of the defenses permitted by 22 NYCRR 1240.13(b), and therefore there is no impediment to the imposition of reciprocal discipline. The respondent admitted to the aforementioned misconduct, including disregard of a court order, filing false claims, abusing the legal system to "punish" others, and improperly divulging confidential client information. Accordingly, we find that reciprocal discipline is warranted based on the discipline imposed by the Supreme Court of Florida.
Under the totality of the circumstances, we conclude that a suspension for a period of six months is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and MALTESE, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Barry Robert Gainsburg, is suspended from the practice of law for a period of six months, commencing November 8, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 8, 2025. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Barry Robert Gainsburg, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Barry Robert Gainsburg, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Barry Robert Gainsburg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court